| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------------------X<br>ROBERT S. STONE, JR., ESQ., an individual;<br>HOUSE OF STONE 76, an independent sovereign nation<br>pro tempore;<br><br>                                    Plaintiffs,<br><br>           -against-<br><br>LLOYD J. AUSTIN III, in his official capacity as<br>Secretary of Defense; JOSEPH BIDEN, in his official<br>Capacity as President of the United States;<br><br>                                    Defendants.<br>----------------------------------------------------------------------X | For Online Publication Only<br>**FILED**<br>**CLERK**<br>9/28/2021 12:25 pm<br>**U.S. DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK**<br>**LONG ISLAND OFFICE**<br><br>**ORDER**<br>21-CV-4822 (JMA)(ST) |

**AZRACK, United States District Judge:**

Before the Court is the Order to Show Cause filed pro se by Robert S. Stone, Jr., Esq. ("Plaintiff") and the "House of Stone 76, an independent sovereign nation pro tempore"[1] seeking a temporary restraining order and/or preliminary injunction enjoining the President and the U.S. Defense Secretary "from mandating any COVID-19 vaccinations of U.S. Troops." (See Order to Show Cause, ECF No. 12 at 14; Pet. for TRO, ECF No. 13 at 57.)[2] For the reasons that follow, the complaint, which seeks largely the same relief, (see Compl. ECF No. 10 at 16), is sua sponte

---

[1] According to the Complaint, "PLAINTIFF HOUSE OF STONE 76" an independent sovereign nation pro tempore governed by a demure, dare I say bashful, Kantian Autocracy-established by discovery of unclaimed sovereign title abandoned by violation of the aforesaid Declaration of Covenants and Restrictions dated July 4, 1776, running with all territory defining the United States; including all that certain parcel situate and being in the South Setauket, Town of Brookhaven, County of Suffolk and State of New York, designated as Lot Nos. 1110 and 1111 on a certain map entitled, 'Map of Strathmore, Section 12,' filed in the Office of the Clerk of the County of Suffolk on December 28, 1964 as Map No. 4222, known as 4 Blackwell Lane, Stony Brook, more particularly bounded and described within SCHEDULE 'A' attached herewith.  HOUSE OF STONE 76 shall retain sovereign title to all territory described within SCHEDULE 'A' until those believed responsible for the treason are brought before a military tribunal and executed if found guilty. Thus, its raison d'etre and national motto: 'Play stupid games, win stupid prizes.'  When the Military fulfills its duty by completing its task of removing said tyranny from the land, the greater estate of AMERICA shall absorb the lesser estate of HOUSE OF STONE 76 by doctrine of merger. (Sniff, sniff, wipe tear from eye, etc.)." However, because an entity such as House of Stone 76 cannot appear in federal court pro se, in the absence of representation by an attorney admitted to practice in this Court, its claims cannot proceed.

[2] The Court will cite to the page numbers assigned by the Court's Electronic Case Filing (ECF) system where different from those included on Plaintiff's submission.

dismissed without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). Accordingly, Plaintiff's application for injunctive relief is denied.

## I. BACKGROUND

Plaintiff, an attorney, paid the Court's filing fee, and filed a complaint, (ECF No. 10), and an order to show cause seeking the entry of a temporary restraining order, (ECF Nos. 12-13).

### A. The Complaint

The complaint, (ECF No. 10), is a fifteen-page diatribe against President Joseph Biden and Secretary of Defense Lloyd J. Austin, III, with an additional eleven pages of attachments. (Id.) The gravamen of Plaintiff's submission is that "a corrupt Department of Justice" assisted various "neo-Machiavellian globalists" in "orchestrating the bureaucratic murder of nursing home residents worldwide; gaslighting humanity into feeling responsible for the carnage; and thereby shaming us into submission to lockdowns, social distancing, masking, and vaccine mandates to establish a global biosecurity police state beholden to the Communist Chinese party (CCP)." (Id. ¶ 8.)

Plaintiff begins the "Jurisdiction" section of the complaint: "Concretizing the Harm Through Real Property Law" and alleges: "[s]ince Plaintiff apparently missed class that day in Law School when they teach: 'How to Stop Your Own President from Selling You off to Communist China,' he can only surmise that the best way to defeat an opponent who has 'jettisoned all the norms and conventions of tennis-court morality' is to seize the tennis court out from under him." (Id. ¶ 24.) Plaintiff seeks to invoke this Court's subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(4), 1356, 1651(a), 2201, and 42 U.S.C. § 1983. (Id. ¶ 31.)

Plaintiff contends that "[t]he treason and murder demonstrated within Plaintiff's Petition attached herewith evinces a modus operandi of sabotaging the United States through the

concealment of malice as 'innocent mistake.' Which is to say, Hanlon's razor is the ghillie suit of choice for the treasonous Leftist." (Id. ¶ 15.) According to the complaint, "Covid-19 is not a public health emergency; it's a treasonous information operation masquerading as a public health crisis sponsored by the CCP. It's about terrorizing people out of old customs, old culture, old habits, and old ideas by killing off old people." (Id. ¶ 19)

Plaintiff alleges that "[t]he Secretary of Defense and President of the United States are now betraying this nation's troops into the hands of the CCP and COVID fraudsters, et al. by mandating they be injected with a substance that bypassed DECADES of development & testing required of all vaccines." (Id. ¶ 20) (emphasis in original). According to the complaint, "[t]here is no upside to subjecting U.S. troops to an experimental genome altering injection spawned from fraud and mass murder; much less forcing them to accept a possible Trojan horse bioweapon into their bodies." (Id. ¶ 21.) The complaint includes four claims for relief seeking a declaratory judgment: (1) "nullifying all FDA emergency use authorizations and approvals of all COVID-19 vaccines"; (2) enjoining the Defense Secretary's troop vaccination mandate as violative of the Declaration of Covenants and Restrictions Against Tyranny, dated July 4, 1776; (3) declaring Joseph Biden's appointment of Lloyd Austin as Defense Secretary "as void ab initio for want of legitimate sovereign authority"; and (4) attorney's fees, costs, and expenses "[s]ince the DOJ was too busy 'vexatiously' and 'wantonly' concealing the mass murder of nursing home residents by five states for 'oppressive reasons' to bother investigating, it would be unjustly enriched if Plaintiff wasn't reimbursed for the 18 months of attorney time invested in doing their job for them." (Id. at 10-14, and ¶ 57.)

### B. The Order to Show Cause for Temporary Restraining Order and/or Preliminary Injunction

Plaintiff's petition for a temporary restraining order ("petition") is sixty-six pages and is

largely comprised of legal definitions, analogies, quotations from literary works and movies, excerpts from articles and memoranda, photographs, and Plaintiff's opinions.  Like the complaint, Plaintiff's petition describes a broad conspiracy among the Department of Justice and the Chinese Communist Party to "murder[] thousands of nursing home residents on behalf of Xi Jinping in furtherance of a treasonable design to foster the illusion of a desperate disease justifying desperate voodoo remedies. . . ."  (ECF No. 13 at 4.)  According to Plaintiff, "COVID-19 is not a public health emergency; it's a treasonous information operation.  It's about terrorizing people out of old customs, old culture, old habits, and old ideas by killing off old people.  It's about murdering our mothers and grandmothers to foster the illusion of a desperate disease justifying desperate remedies—i.e. lockdowns, social distancing and masking mandates—designed to isolate and atomize humanity, destroy all forms of capital; and extinguish the fire of free society worldwide."  (Id. at 50.)

>With regard to the "justiciability" of his claims, Plaintiff alleges:

>The same forces who murdered tens of thousands nursing home residents worldwide to push their vaccines and establish a biosecurity police state now have their sights set on the U.S. Military.  There's nothing hypothetical about it.  And as far as "standing" and "concrete adverseness" go, if there's anyone on this planet who's done more to "[sharpen] the presentation of issues upon which the court so largely depends for illumination" Baker v. Carr, 369 U. S. l 86, 204 (1962) please introduce me to them.  I'd love to know where they submit their time sheets; or if they even bothered checking Cuomo's Executive Orders.

>Ultimately, Plaintiffs have standing to bring this case if only because the Department of Justice intentionally looked the other way as Neo-Machiavellian globalists here and abroad murdered our mothers and grandmothers by the thousands to make a flu virus look like The Black Death while terrorizing and shaming us into self-isolation, loneliness, financial ruin, and child suicide in furtherance of converting Citizens of the United States into Properly of Xi Jinping.  Plaintiff need not cite Locke's Second Treatise in support of the notion that this nation is in breach of the social compact.  This is no idle "conspiracy theory."  There is no upside to subjecting U.S. troops to an experimental genome altering injection

4

> spawned from pseudoscience, fraud and mass murder much less forcing them to accept a possible Trojan horse bioweapon into their bodies.

(Id. at 54.) Plaintiff also claims that because "Donald J. Trump [w]as the person having the greatest number of votes and shall be the President, Joseph Biden's appointment of Lloyd Austin as Defense Secretary is as void ab initio as his presidency. Thus, all of Defendant Biden's Executive Orders, as well Defense Secretary Austin's vaccination mandate, are consequently void ab initio for want of legitimate sovereign authority to issue them." (Id. at 56.)

Accordingly, Plaintiff seeks an injunction: "Enjoining Joseph Biden, Defense Secretary Austin III, and ANY other person or entity to which the U.S. Military is subordinate, from mandating any Covid-19 vaccinations of U.S. Troops." (Id. at 57.) Notably absent from Plaintiff's lengthy submission is an affidavit or verified complaint and a statement of any efforts to give notice to the defendants of the application for a temporary restraining order or any reasons why notice should not be required.[3]

## II. DISCUSSION

### A. Applicable Law

#### 1. Standard of Review

The Court is normally required to read a pro se Plaintiff's complaint liberally and construe

---

[3] Pursuant to Federal Rule of Civil Procedure 65(b), inter alia: "The court may issue a [TRO] without written or oral notice to the adverse party of its attorney only if:

(A) Specific facts in the affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damages will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

FED. R. CIV. P. 65(b)(1)(A)&(B). The Court has "wide discretion in determining whether to grant a preliminary injunction," as it is "one of the most drastic tools in the arsenal of judicial remedies." Grand River Enter. Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66 (2d Cir. 2007) (citations omitted).

it to raise the strongest arguments it suggests. See, e.g., Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Here, given that the Plaintiff is an attorney who is currently registered as a member of Bar of the State of New York, his pleading is not entitled to the degree of liberality ordinarily given to pro se plaintiffs. See Azaryev v. City of New York, No. 21-CV-3856, 2021 WL 3861722, at *2 (E.D.N.Y. Aug. 27, 2021) (Although a licensed attorney may proceed pro se, "he is not entitled to the special solicitude given to pro se litigants.") (citing Tracy v. Freshwater, 623 F.3d 90, 102-03 (2d Cir. 2010)) (Courts afford special solicitude to pro se litigants because they "generally lack legal training and experience."); Rossman v. Stelzel, No. 11-CV-4293, 2011 WL 4916898, at *4 (E.D.N.Y. Oct. 13, 2011).

The Supreme Court has held that pro se complaints "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

Further, a district court has the inherent power to dismiss a case, sua sponte, if it determines that the action is frivolous or the court lacks jurisdiction over the matter regardless of whether a

plaintiff has paid the filing fee.  FED. R. CIV. P. 12(h)(3); Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363-364 (2d Cir. 2000).  "An action is frivolous if it lacks an arguable basis in law or fact – i.e., where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'"  Scanlon v. Vermont, 423 F. App'x. 78, 79 (2d Cir. 2011) (summary order) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").  "Even if a complaint contains sufficient factual allegations to infer a claim for relief, a court may dismiss it as frivolous 'if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'"  Tessema v. Env't Prot. Agency, No. 1:20-CV-9700, 2021 WL 2666855, at *3 (S.D.N.Y. June 29, 2021) (quoting Gallop v. Cheney, 642 F.3d 364, 368 (2d Cir. 2011) (additional citation omitted).

As is readily apparent, Plaintiff fails to allege any facts suggesting that he has a plausible legal claim.  Nor can the Court identify any legal basis for Plaintiff's claims for injunctive relief and damages against President Biden and Defense Secretary Austin.  Plaintiff's factual allegations are largely irrational, incoherent, or wholly incredible.  See Denton, 504 U.S. at 33.  Accordingly, Plaintiff's complaint is dismissed as frivolous because it lacks a basis in law or fact.  See Patel v. United States, No. 21-CV-6553, 2021 WL 4267498, at *2 (S.D.N.Y. Sept. 20, 2021).

### 2. Standing

The jurisdiction of the federal courts is limited by Article III, Section 2 of the Constitution "to the resolution of 'cases' and 'controversies.'"  Sonterra Cap. Master Fund Ltd. v. UBS AG, 954 F.3d 529, 533 (2d Cir. 2020); Cooper v. United States Postal Service, 577 F.3d 479, 489 (2d Cir. 2009) (citing Valley Forge Christian Coll. v. Americans United for Separation of Church &

State, Inc., 454 U.S. 464, 471-72 (1982)). "To ensure that this bedrock case-or-controversy requirement is met, courts require that plaintiffs establish their standing as the proper parties to bring suit." Sonterra, 954 F.3d at 534 (citing Langan v. Johnson & Johnson Consumer Cos., 897 F.3d 88, 92 (2d Cir. 2018) (citations omitted)).  In order to satisfy Article III's standing requirements, "a plaintiff 'must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" Sonterra, 954 F.3d at 534 (quoting Spokeo, Inc. v. Robins, --- U.S. ----, 136 S. Ct. 1540, 1547, (2016); see also Gill v. Whitford, --- U.S. ----, 138 S. Ct. 1916, 1929 (2018) (quoting Spokeo, 136 S. Ct. at 1547). "'The party invoking federal jurisdiction bears the burden of establishing standing.'" Hedges v. Obama, 724 F.3d 170, 188 (2d Cir. 2013) (quoting Clapper v. Amnesty Int'l USA, 568 U.S. 398, 411-12 (2013)). "Each element of standing 'must be supported . . . with the manner and degree of evidence required at the successive stages of the litigation,' and at the pleading stage, 'general factual allegations of injury resulting from the defendant's conduct may suffice.'" Sonterra, 954 F.3d at 534 (quoting John v. Whole Foods Mkt. Grp., Inc., 858 F.3d 732, 736 (2d Cir. 2017) (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992) ("[T]he core component of standing is an essential and unchanging part of the case-or controversy requirement of Article III."))).

Plaintiffs asserts that they "have standing to bring this case if only because the Department of Justice intentionally looked the other way as Neo-Machiavellian globalists here and abroad murdered our mothers and grandmothers by the thousands to make a flu virus look like The Black Death while terrorizing and shaming us into self-isolation, loneliness, financial ruin, and child suicide in furtherance of converting Citizens of the United States into Properly of Xi Jinping." The Court disagrees.

"Foremost among the [] [standing] requirements is injury in fact - - a plaintiff's pleading and proof that he has suffered the 'invasion of a legally protected interest' that is 'concrete and particularized,' i.e., which 'affect[s] the plaintiff in a personal and individual way.'" Gill, 138 S. Ct. 1929 (quoting Lujan, 504 U.S. at 560 n.1 (1992)). Indeed, an injury-in-fact must be "concrete and particularized and actual or imminent, not conjectural or hypothetical." Susan B. Anthony List v. Driehaus, 573 U.S. 149, 158 (2014). With regard to the first requirement, whether Plaintiff has suffered an injury in fact, the Supreme Court has long held that "[i]t is an established principle that to entitle a private individual to invoke the judicial power to determine the validity of executive or legislative action he must show that he has sustained or is immediately in danger of sustaining a direct injury as the result of that action and it is not sufficient that he has merely a general interest common to all members of the public." United States v. Richardson, 418 U.S. 166, 177-78 (1974) (internal quotation marks and citation omitted).

Plaintiff does not allege that he is a member of the military nor does he contend that he is subject to the challenged COVID-19 vaccination mandate for US troops. See ECF Nos. 10, 12, 13, generally. Rather, Plaintiff's submission makes clear that his interest is common to all members of the public. Id.; see also O'Neil v. Rumsfeld, No. 06-CV-0372, 2006 WL 2089963, at *1 (W.D. Pa. July 25, 2006) ("plaintiffs, as civilians, did not have standing to challenge the propriety of a military program") (citing O'Neil and O'Neil v. George W. Bush, et al., 01-CV-1489 (W.D. Pa. Apr. 5, 2002)). In the absence of any injury in fact, Plaintiff does not have standing and his claims are thus dismissed without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). Mahon v. Ticor Title Ins. Co., 683 F.3d 59, 62 (2d Cir. 2012) ("If plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear

9

their claim.") (citation omitted); Nolley v. United States, No. 20-CV-0483, 2020 WL 5393898, at *2 (W.D.N.Y. June 29, 2020) (sua sponte dismissing pro se complaint against then-President Trump for lack of standing); see also Houston v. Houston, 21-CV-118888, 2021 WL 4290198, at *5 (E.D. Mich. Sept. 21, 2021) (Even "if Plaintiff had alleged an appropriate basis for jurisdiction for the claim, the claim would fail because Plaintiff pleaded no facts showing that he is in danger of being forced to undergo medical treatment, vaccination, quarantine, or mask wearing. As a result, there is not a case or controversy because Plaintiff has not shown an injury, and therefore lacks standing to bring such a suit.").

### C.     Leave to Amend

Under Federal Rule of Civil Procedure 15, leave to amend is within the sound discretion of the district court, but the district court will "deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007). Here, the Court has carefully considered whether Plaintiff should be granted leave to amend his complaint. Given the "fanciful factual scenarios" alleged by Plaintiff, together with Plaintiff's lack of standing to pursue the claims alleged here, the Court concludes that leave to amend would be futile. Adams v. Rubinstein, Nos. 15-CV-3532, 15-CV3647, 15-CV-3968, 2015 WL 5021740, at *3 (E.D.N.Y. Aug. 24, 2015) (citing O'Hara v. Weeks Marine, Inc., 294 F.3d 55, 69 (2d Cir. 2002)); see also Kraemer v. City of N.Y., 19-CV-6671, 2020 WL 1974204, at *4 (S.D.N.Y. Apr. 24, 2020) (dismissing as frivolous a fee-paid pro se litigant's complaint and denying leave to amend as futile). Accordingly, leave to amend the complaint is denied.

### III.    CONCLUSION

For the reasons set forth above, Plaintiff's complaint is dismissed sua sponte without

10

prejudice in its entirety for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).  Given the dismissal of the complaint, Plaintiff's application for injunctive relief is denied.  Amendment of the complaint would be futile and leave to amend the complaint is thus denied.  The Clerk of the Court is directed to enter judgment accordingly and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore, should Plaintiff seek leave to appeal in forma pauperis, such status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court shall mail a copy of this Order to the Plaintiff at his last known address.

**SO ORDERED.**

Dated:  September 28, 2021
       Central Islip, New York

                                                  /s/ (JMA)
                                              JOAN M. AZRACK
                                              UNITED STATES DISTRICT JUDGE